IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL J. BROWN,

    Plaintiff,

vs.                                                                 No. CIV 07-1119 JB/LFG

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION AND DISMISSING CASE

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed December 19, 2008 (Doc. 25). Plaintiff Samuel J. Brown ("Brown") filed Objections on January 7, 2009. See Doc. 26. The Court, having made a *de novo* review of the Magistrate Judge's recommended ruling, overrules Brown's objections and adopts the Magistrate Judge's Analysis and Recommended Disposition.

Brown contends that the Magistrate Judge committed legal error in finding that the Administrative Law Judge ("ALJ") appropriately applied the grids to make his determination of non-disability. This mistake occurred, Brown argues, because the ALJ found at step two that Brown's affective disorder was "severe," and "[a] finding at step two that an impairment is severe is essentially a finding that the impairment significantly limits the ability to do basic work activities . . . . Therefore, a finding that Mr. Brown's affective disorder is severe at step two is inconsistent with application of the grids at step five." Objections at 3 (Doc. 26). The Court disagrees.

Brown is correct in citing <u>Drapeau v. Massanari</u>, 255 F.3d 1211 (10th Cir. 2001), for the proposition that, in determining whether alcohol abuse is a material factor in determining disability, the ALJ must first determine whether the applicant is disabled and only then make the determination whether the applicant would still be found disabled if he stopped abusing alcohol. The United States Court of Appeals for the Tenth Circuit in <u>Drapeau v. Massanari</u> cited Social Security regulations which provide that "the ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling." <u>Id.</u>, at 1214. The ALJ followed this procedure in his analysis, and the Magistrate Judge did not err in upholding that analysis.

As was pointed out by a district court within the Tenth Circuit, the regulations require the ALJ, in a case where alcohol abuse is a consideration, to apply the sequential-evaluation process twice: the first time, to make a determination of disability; the second time, if disability is found, to determine which of the plaintiff's physical and mental limitations would remain if plaintiff stopped using alcohol. <u>See</u> <u>Higgins v. Barnhart</u>, No. 05-2499-JWL, 2006 WL 4045939 (D. Kan. Oct. 18, 2006). If the ALJ makes the determination of disability at step three, as was done in Brown's case, the ALJ need not proceed through steps four and five during the first application of the sequential process, but may then proceed to the second application and make the determination whether the plaintiff would still be disabled if he stopped the alcohol abuse. <u>See</u> <u>id.</u>, at *7-8.

In Brown's case, as pointed out in the Objections, the ALJ determined at step two that Brown suffered from severe impairments, including osteoarthritis, gout, alcoholism and drug abuse, and an affective disorder. <u>See</u> Tr. 20. The ALJ then found, <u>See</u> Tr. 20, that Brown's condition meets the listing of section 12.09B, which requires the ALJ to analyze the claimant's mental impairment under 12.04, Depressive Syndrome/Affective Disorder. Thus, the ALJ made a finding at step three

that Brown was disabled by his mental impairment, because he met the listing for an affective disorder under section 12.04.

The ALJ then appropriately conducted a second application of the sequential evaluation, finding that, "[i]f the claimant stopped the substance abuse, his affective disorder and gout would impose no more than minimal limitations on his ability to perform basic work activities." Tr. 20. As the court in Higgins v. Barnhart pointed out, "the regulations do not focus on which *impairments* would remain if plaintiff stopped using alcohol, but which *limitations* would remain if plaintiff stopped using alcohol." Id., at *8. In the present case, the ALJ found that Brown's affective disorder would no longer present limitations if Brown discontinued his use of alcohol, as "[t]he treatment records reflect that antidepressants work well to control the claimant's symptoms of depression when he is not drinking." Tr. 20.

Thus, although the Magistrate Judge stated that the ALJ found that Brown's affective disorder "would no longer be severe if he stopped the substance abuse," Doc. 25 at 8, and appeared thereby to point to the step-two finding, the ALJ conducted the appropriate analysis. He made his determination of disability because of mental limitations at step three, then went through the analysis a second time and found that alcohol was a material factor. The court in Higgins v. Barnhart approved this process:

> Here, the ALJ applied the sequential evaluation process twice as required by the regulations. The first time, he determined at step three of the sequential evaluation process, that plaintiff's mental impairment meets the criteria of listing 12.09 . . . . Having found plaintiff disabled at step three, the ALJ did not complete the sequential evaluation process to assess RFC or apply steps four and five during the first application of the process . . . . The ALJ applied the sequential process a second time considering plaintiff's limitations if plaintiff stopped using alcohol. (R. 748-57). He then determined whether the remaining limitations would be disabling at steps four or five of the sequential evaluation.

Higgins v. Barnhart, 2006 WL 4045939, at *8-9.

The Court finds there was no error in this procedure, and Brown's objection on this basis is overruled. The ALJ conducted the appropriate analysis regarding alcohol abuse, and he committed no error in applying the grids at steps four and five with respect to Brown's remaining limitations.

Brown makes several other objections but does not point to any record support for the objections; he merely repeats, "Mr. Brown objects to the Magistrate Judge's finding that . . ." and then restates the allegedly objectionable finding. The Court conducted a careful review of the record and finds the ALJ's conclusions and findings, to which Brown objects, are supported by substantial evidence in the record and do not involve any errors of law.

**IT IS ORDERED** that: (I) the Plaintiff's objections are overruled; (ii) the Magistrate Judge's Analysis and Recommended Disposition (Doc. 25) is hereby adopted; (iii) the Plaintiff's Motion to Reverse and Remand (Doc. 18) is denied; and (iv) the case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Feliz Marisol Martone
Francesca J. MacDowell
Gary Martone
Martone Law Office
Albuquerque, New Mexico

    Attorneys for the Plaintiff

Gregory J. Fouratt
   United States Attorney
Cynthia L. Weisman
Manuel Lucero
   Assistant United States Attorneys
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

- - and - -

Eric Bradford Tucker
Office of the General Counsel
Social Security Administration
Dallas, Texas

      Attorneys for the Defendant